ADR

Frederick N Burgener
708 San Conrado Terrace # 1
Sunnyvale Ca. 94085
(408) 245 5138

Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

Frederick N. Burgener            )
                                 )   C07 05160 HRL
                                 )   Case No. _____
              Plaintiff          )
vs.                              )   COMPLAINT
                                 )   DEMAND FOR JURY TRIAL
Union Pacific Corporation        )
                                 )
              Defendant          )
_____)

1. **Jurisdiction.** This court has jurisdiction over this complaint because it arises under the laws of the United States.

2. **Venue.** Venue is appropriate in this court because both of the defendants reside in this district, and a substantial amount of the acts and omissions giving rise to this lawsuit occurred in this district.

3. **Intradistrict Assignment.** This lawsuit should be assigned to the San Jose Division of this Court because the Defendant maintains a place of business in Santa Clara County and a substantial part of the events or omissions which give rise to this lawsuit occurred in Santa Clara County.

4. Plaintiff Frederick N Burgener is a locomotive engineer employed by defendant Union Pacific Corporation.

1  On April 29th 2005 Plaintiff Frederick n. Burgener returned to work with Defendant

2  Union Pacific Corporation after an honorable discharge from being mobilized in the

3  United States Army for 270 days. During his absence he missed a promotion into

4  engine service. On May 9th 2005 he requested promotion into engine service and was

5  required to wait for the next bid. Also Defendant Union Pacific Corporation has failed

6  to assign Plaintiff Burgener the seniority position he would have had but for military

7  service in violation of Sec. 1002.191 of the Uniformed Services Employment and

8  Reemployment Rights Act of 1994 .

9  Plaintiff Burgener is asking that defendant Union Pacific Corporation be required to

10  adjust his seniority to the date he would have got but for military service and allow

11  him to "bump" onto a job consistent with that seniority.

12  Also Plaintiff Burgener is requesting all additional relief to which to the plaintiff is entitled.

13  "Plaintiff demands a jury trial on all issues"


        Frederick N Burgener

        */s/ N. Burgener*

*UNIFORMED SERVICES EMPLOYMENT AND REEMPLOYMENT RIGHTS ACT ("USERRA")*

Westlaw ADR

C07 05160 HRL

Page 1

38 U.S.C.A. § 4323

C

**Effective: November 11, 1998**

United States Code Annotated Currentness
  Title 38. Veterans' Benefits (Refs & Annos)
    Part III. Readjustment and Related Benefits (Refs & Annos)
      Chapter 43. Employment and Reemployment Rights of Members of the Uniformed Services (Refs & Annos)
        Subchapter III. Procedures for Assistance, Enforcement, and Investigation

→ **§ 4323. Enforcement of rights with respect to a State or private employer**

**(a) Action for relief.**--(1) A person who receives from the Secretary a notification pursuant to section 4322(e) of this title of an unsuccessful effort to resolve a complaint relating to a State (as an employer) or a private employer may request that the Secretary refer the complaint to the Attorney General. If the Attorney General is reasonably satisfied that the person on whose behalf the complaint is referred is entitled to the rights or benefits sought, the Attorney General may appear on behalf of, and act as attorney for, the person on whose behalf the complaint is submitted and commence an action for relief under this chapter for such person. In the case of such an action against a State (as an employer), the action shall be brought in the name of the United States as the plaintiff in the action.

(2) A person may commence an action for relief with respect to a complaint against a State (as an employer) or a private employer if the person--

  (A) has chosen not to apply to the Secretary for assistance under section 4322(a) of this title;

  (B) has chosen not to request that the Secretary refer the complaint to the Attorney General under paragraph (1); or

  (C) has been refused representation by the Attorney General with respect to the complaint under such paragraph.

**(b) Jurisdiction.**--(1) In the case of an action against a State (as an employer) or a private employer commenced by the United States, the district courts of the United States shall have jurisdiction over the action.

(2) In the case of an action against a State (as an employer) by a person, the action may be brought in a State court of competent jurisdiction in accordance with the laws of the State.

(3) In the case of an action against a private employer by a person, the district courts of the United States shall have jurisdiction of the action.

**(c) Venue.**--(1) In the case of an action by the United States against a State (as an employer), the action may proceed in the United States district court for any district in which the State exercises any authority or carries out any function.

(2) In the case of an action against a private employer, the action may proceed in the United States district court for any district in which the private employer of the person maintains a place of business.

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

38 U.S.C.A. § 4323

(d) **Remedies.**--(1) In any action under this section, the court may award relief as follows:

(A) The court may require the employer to comply with the provisions of this chapter.

(B) The court may require the employer to compensate the person for any loss of wages or benefits suffered by reason of such employer's failure to comply with the provisions of this chapter.

(C) The court may require the employer to pay the person an amount equal to the amount referred to in subparagraph (B) as liquidated damages, if the court determines that the employer's failure to comply with the provisions of this chapter was willful.

(2)(A) Any compensation awarded under subparagraph (B) or (C) of paragraph (1) shall be in addition to, and shall not diminish, any of the other rights and benefits provided for under this chapter.

(B) In the case of an action commenced in the name of the United States for which the relief includes compensation awarded under subparagraph (B) or (C) of paragraph (1), such compensation shall be held in a special deposit account and shall be paid, on order of the Attorney General, directly to the person. If the compensation is not paid to the person because of inability to do so within a period of 3 years, the compensation shall be covered into the Treasury of the United States as miscellaneous receipts.

(3) A State shall be subject to the same remedies, including prejudgment interest, as may be imposed upon any private employer under this section.

(e) **Equity powers.**--The court may use its full equity powers, including temporary or permanent injunctions, temporary restraining orders, and contempt orders, to vindicate fully the rights or benefits of persons under this chapter.

(f) **Standing.**--An action under this chapter may be initiated only by a person claiming rights or benefits under this chapter under subsection (a) or by the United States under subsection (a)(1).

(g) **Respondent.**--In any action under this chapter, only an employer or a potential employer, as the case may be, shall be a necessary party respondent.

(h) **Fees, court costs.**--(1) No fees or court costs may be charged or taxed against any person claiming rights under this chapter. 

(2) In any action or proceeding to enforce a provision of this chapter by a person under subsection (a)(2) who obtained private counsel for such action or proceeding, the court may award any such person who prevails in such action or proceeding reasonable attorney fees, expert witness fees, and other litigation expenses.

(i) **Inapplicability of State statute of limitations.**--No State statute of limitations shall apply to any proceeding under this chapter.

(j) **Definition.**--In this section, the term "private employer" includes a political subdivision of a State.

CREDIT(S)

(Added Pub.L. 103-353, § 2(a), Oct. 13, 1994, 108 Stat. 3165, and amended Pub.L. 104-275, Title III, § 311(10), Oct. 9, 1996, 110 Stat. 3335; Pub.L. 105-368, Title II, § 211(a), Nov. 11, 1998, 112 Stat. 3329.)

HISTORICAL AND STATUTORY NOTES

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

38 U.S.C.A. § 4323

Revision Notes and Legislative Reports

1994 Acts. House Report No. 103-65 and Joint Explanatory Statement, see 1994 U.S. Code Cong. and Adm. News, p. 2449.

1996 Acts. Senate Report No. 104-371, see 1996 U.S. Code Cong. and Adm. News, p. 3762.

1998 Acts. House Report No. 105-627 and Statement by President, see 1998 U.S. Code Cong. and Adm. News, p. 780.

Amendments

1998 Amendments. Pub.L. 105-368, § 211(a), rewrote this section which formerly read:

"(a)(1) A person who receives from the Secretary a notification pursuant to section 4322(e) relating to a State (as an employer) or a private employer may request that the Secretary refer the complaint to the Attorney General. If the Attorney General is reasonably satisfied that the person on whose behalf the complaint is referred is entitled to the rights or benefits sought, the Attorney General may appear on behalf of, and act as attorney for, the person on whose behalf the complaint is submitted and commence an action for appropriate relief for such person in an appropriate United States district court.

"(2) A person may commence an action for relief with respect to a complaint if that person--

"(A) has chosen not to apply to the Secretary for assistance under section 4322(a);

"(B) has chosen not to request that the Secretary refer the complaint to the Attorney General under paragraph (1); or

"(C) has been refused representation by the Attorney General with respect to the complaint under such paragraph.

"(b) In the case of an action against a State as an employer, the appropriate district court is the court for any district in which the State exercises any authority or carries out any function. In the case of a private employer the appropriate district court is the district court for any district in which the private employer of the person maintains a place of business.

"(c)(1)(A) The district courts of the United States shall have jurisdiction, upon the filing of a complaint, motion, petition, or other appropriate pleading by or on behalf of the person claiming a right or benefit under this chapter--

"(i) to require the employer to comply with the provisions of this chapter;

"(ii) to require the employer to compensate the person for any loss of wages or benefits suffered by reason of such employer's failure to comply with the provisions of this chapter; and

"(iii) to require the employer to pay the person an amount equal to the amount referred to in clause (ii) as liquidated damages, if the court determines that the employer's failure to comply with the provisions of this chapter was willful.

"(B) Any compensation under clauses (ii) and (iii) of subparagraph (A) shall be in addition to, and shall not diminish, any of the other rights and benefits provided for in this chapter.

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

38 U.S.C.A. § 4323

"(2)(A) No fees or court costs shall be charged or taxed against any person claiming rights under this chapter.

"(B) In any action or proceeding to enforce a provision of this chapter by a person under subsection (a)(2) who obtained private counsel for such action or proceeding, the court may award any such person who prevails in such action or proceeding reasonable attorney fees, expert witness fees, and other litigation expenses.

"(3) The court may use its full equity powers, including temporary or permanent injunctions, temporary restraining orders, and contempt orders, to vindicate fully the rights or benefits of persons under this chapter.

"(4) An action under this chapter may be initiated only by a person claiming rights or benefits under this chapter, not by an employer, prospective employer, or other entity with obligations under this chapter.

"(5) In any such action, only an employer or a potential employer, as the case may be, shall be a necessary party respondent.

"(6) No State statute of limitations shall apply to any proceeding under this chapter.

"(7) A State shall be subject to the same remedies, including prejudgment interest, as may be imposed upon any private employer under this section."

1996 Amendments. Subsec. (a)(1). Pub.L. 104-275, § 311(10)(A), struck out "of an unsuccessful effort to resolve a complaint" following "notification pursuant to section 4322(e)".

Subsec. (a)(2)(A). Pub.L. 104-275, § 311(10)(B), substituted "under section 4322(a)" for "regarding the complaint under section 4322(c)".

Effective and Applicability Provisions

1998 Acts. Section 211(b) of Pub.L. 105-368 provided that:

"(1) Section 4323 of title 38, United States Code, as amended by subsection (a), shall apply to actions commenced under chapter 43 of such title [38 U.S.C.A. § 4301 et seq.] on or after the date of the enactment of this Act [Nov. 11, 1998], and shall apply to actions commenced under such chapter before the date of the enactment of this Act that are not final on the date of the enactment of this Act, without regard to when the cause of action accrued.

"(2) In the case of any such action against a State (as an employer) in which a person, on the day before the date of the enactment of this Act [Nov. 11, 1998], is represented by the Attorney General under section 4323(a)(1) of such title as in effect on such day, the court shall upon motion of the Attorney General, substitute the United States as the plaintiff in the action pursuant to such section as amended by subsection (a)."

1996 Acts. Amendment by section 311 of Pub.L. 104-275 effective as of Oct. 13, 1994, see section 313 of Pub.L. 104-275, set out as a note under section 4301 of this title.

1994 Acts. Except as otherwise provided, section effective with respect to reemployments initiated on or after the first day after the 60-day period beginning on Oct. 13, 1994, see section 8 of Pub.L. 103-353, set out as a note under section 4301 of this title.

Prior Provisions

A prior section 4323 was renumbered section 7623 of this title.

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

38 U.S.C.A. § 4323

CROSS REFERENCES

Congressional accountability including rights and protections relating to this section, see 2 USCA § 1316.

Rights and protections relating to veterans' employment and reemployment, see 3 USCA § 416.

LIBRARY REFERENCES

American Digest System

Armed Services ⚖ 122.

Key Number System Topic No. 34.

Corpus Juris Secundum

CJS Armed Services § 337, Jurisdiction and Venue.

CJS Armed Services § 340, Relief and Costs.

RESEARCH REFERENCES

ALR Library

175 ALR, Fed. 437, Construction and Application of Uniformed Services Employment and Reemployment Rights Act (38 U.S.C.A. §§ 4301-4333).

Encyclopedias

Am. Jur. 2d Job Discrimination § 22, Laws and Executive Orders Prohibiting Discrimination in Government Contracts; Executive Order No. 11246 (1965) -- Veterans.

Am. Jur. 2d Veterans and Veterans' Laws § 110, Disputes Concerning State or Private Employer, Generally.

Am. Jur. 2d Veterans and Veterans' Laws § 112, Limitations of Actions; Laches.

Forms

Federal Procedural Forms § 3:634, Motion -- for Leave to Proceed as Veteran [Supreme Court Rule 40.1].

Federal Procedural Forms § 68:121, Action in District Court Against State or Private Employer.

Federal Procedural Forms § 68:123, Action in District Court Against State or Private Employer -- Complaint -- Parties.

Federal Procedural Forms § 68:129, Complaint in District Court -- for Reinstatement and Damages in Enforcement of Re-Employment Rights [38 U.S.C.A. § 4323; Fed R Civ P Rules 8(A), 65].

Federal Procedural Forms § 68:130, Complaint in District Court -- for Enforcement of Rights to Vacation Benefits [38 U.S.C.A. §§ 4316, 4323; Fed R Civ P Rules 8(A), 65].

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

38 U.S.C.A. § 4323

Federal Procedural Forms § 68:131, Complaint -- for Enforcement of Rights to Seniority Salary Increases [38 U.S.C.A. §§ 4316, 4323; Fed R Civ P Rule 8(A), 65].

Federal Procedural Forms § 68:134.1, Complaint in District Court -- by Veteran Against Employer -- Fraudulent Representation as to on -- the -- Job -- Training.

1AA West's Federal Forms § 452, Veterans' Cases -- General Comment.

1AA West's Federal Forms § 453, Motion for Leave to Proceed as Veteran.

1AA West's Federal Forms § 454, Affidavit in Support of Veteran's Motion.

Treatises and Practice Aids

Americans With Disab. Pract. & Compliance Manual § 9:3, What Rights Are Guaranteed.

Americans With Disab. Pract. & Compliance Manual § 9:18, Jurisdiction and Venue; Limitations of Actions.

Americans With Disab. Pract. & Compliance Manual § 9:19, Exhaustion of Administrative Remedies Not Required.

Americans With Disab. Pract. & Compliance Manual § 9:21, Representation by United States Attorney.

Americans With Disab. Pract. & Compliance Manual § 9:22, Parties.

Americans With Disab. Pract. & Compliance Manual § 9:30, Remedies.

Americans With Disab. Pract. & Compliance Manual § 9:31, Costs.

Americans With Disab. Pract. & Compliance Manual § 9:32, Attorneys' Fees.

Americans With Disab. Pract. & Compliance Manual § 10:109, Complaint -- by Veteran With Honorable Discharge -- for Reinstatement and Damages in Enforcement of Reemployment Rights [38 U.S.C.A. §§ 4312, 4323].

Americans With Disab. Pract. & Compliance Manual § 10:110, Complaint -- by Veteran With Honorable Discharge -- for Enforcement of Rights to Vacation Benefits [38 U.S.C.A. §§ 4312, 4316, 4323].

Americans With Disab. Pract. & Compliance Manual § 10:113, Complaint -- for Enforcement of Rights to Seniority Salary Increases [38 U.S.C.A. §§ 4312, 4316, 4323].

Emp. Discrim. Coord. Analysis of Federal Law § 20:175, Eleventh Amendment Immunity and Userra.

Federal Procedure, Lawyers Edition § 79:82, Investigation and Notice Entitling Complainant to Proceed.

Federal Procedure, Lawyers Edition § 79:84, Introduction.

Federal Procedure, Lawyers Edition § 79:85, Jurisdiction and Venue.

Federal Procedure, Lawyers Edition § 79:86, Complaint; Timeliness.

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

38 U.S.C.A. § 4323

Federal Procedure, Lawyers Edition § 79:87, Parties.

Federal Procedure, Lawyers Edition § 79:92, Relief.

Federal Procedure, Lawyers Edition § 79:93, Costs.

Federal Procedure, Lawyers Edition § 79:94, Costs -- Award of Attorney's Fees and Other Costs.

Federal Procedure, Lawyers Edition § 40:353, Procedures Applicable to Persons in Uniformed Service -- Employment and Re-Employment Assistance; Appeal to Merit Systems Protection Board.

Federal Procedure, Lawyers Edition § 50:1125, Authority for Equitable Relief, Generally.

Federal Procedure, Lawyers Edition § 50:1151, Availability Under Laws Permitting Equitable Relief.

Federal Procedure, Lawyers Edition § 50:1207, Uniformed Services Employment and Reemployment Rights Act.

Federal Procedure, Lawyers Edition § 50:1286, Costs Authorized Under Federal Employment Laws.

Federal Procedure, Lawyers Edition § 50:1291, What Costs Are Recoverable -- Expert Witness Fees.

NOTES OF DECISIONS

**Constitutionality 1**
**Jurisdiction 5**
**Preliminary injunction, particular cases 9**
**Preliminary injunction, practice and procedure 8**
**Reinstatement 10**
**Remedies 4**
**Right to jury trial 7**
**Sovereign immunity 2**

**Summary ordered 6**
**Willfulness 3**

1. Constitutionality

Notwithstanding Congress' clear intent to provide a private right of action under the Uniformed Services Employment and Reemployment Rights Act (USERRA) against the states, as employers, in federal court, Congress did not effectively abrogate the states' Eleventh Amendment immunity when it enacted USERRA pursuant to the War Powers Clause. Palmatier v. Michigan Dept. of State Police, W.D.Mich.1997, 981 F.Supp. 529. Federal Courts ⊂═ 265

2. Sovereign immunity

Abrogation of states' Eleventh Amendment sovereign immunity under Uniformed Services Employment and Reemployment Rights Act (USERRA) could not be based on Congress' power to enforce Fourteenth Amendment's equal protection clause; firing worker because his military service prevents him from discharging duties of civil job would not actually violate equal protection, military personnel do not constitute historically disadvantaged "suspect" class, and purpose of statute was not to combat an ignorant or vicious stereotyping of reservists as undependable employees. Velasquez v. Frapwell, C.A.7 (Ind.) 1998, 160 F.3d 389, vacated in part 165 F.3d 593.

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

38 U.S.C.A. § 4323

Constitutional Law ⟲ 243.2; Federal Courts ⟲ 265

3. Willfulness

Employee failed to meet his burden of establishing that employer's noncompliance with Uniformed Services Employment and Reemployment Rights Act (USERRA) through his diminished status after reemployment and his termination within one year following his return from active military duty was "willful" as required for him to receive liquidated damages under USERRA; employer's actions were based on exercise of business judgment in response to financial hardship. Duarte v. Agilent Technologies, Inc., D.Colo.2005, 366 F.Supp.2d 1039. Armed Services ⟲ 122(6)

County's failure to reinstate returning veteran to his former position as police detective was not willful violation of Uniformed Services Employment and Reemployment Rights Act (USERRA), and thus county was not liable for liquidated damages, where county's action had been prompted by union's reasonable interpretation of collective bargaining agreement, and county rehired veteran as deputy sheriff and then brought declaratory action to obtain judicial answer. Wriggelsworth v. Brumbaugh, W.D.Mich.2001, 129 F.Supp.2d 1106. Armed Services ⟲ 122(6)

4. Remedies

In action under Uniformed Services Employment and Reemployment Rights Act (USERRA) award of one year's front pay was appropriate remedy to restore schoolteacher to his rightful position; teacher overcame heavy burden by demonstrating that school district discriminated against him because of his military service, jury's finding that teacher was not entitled to back pay damages would not be disturbed, and reinstatement was not appropriate in light of existing acrimony between parties. Carpenter v. Tyler Indep. School Dist., E.D.Tex.2006, 429 F.Supp.2d 848. Armed Services ⟲ 122(6)

Terminated employee's cause of action in tort for wrongful discharge, based on employer's alleged violation of public policy as established in Uniformed Services Employment and Reemployment Rights Act (USERRA), was not recognized under Ohio law; even though USERRA did not provide for punitive damages, it provided adequate remedy to vindicate any violation of its public policy goals, by providing that employer who violated statute may be liable to employee for compensatory damages, liquidated damages, attorney's fees and costs, as well as equitable relief, and thus public policy set forth in USERRA was not jeopardized by employee's inability to make public policy claim against employer. Schmauch v. Honda of America Mfg., Inc., S.D.Ohio 2003, 311 F.Supp.2d 631. Armed Services ⟲ 120

Award of liquidated damages in Uniformed Services Employment and Reemployment Rights Act (USERRA) case did not preclude an award of prejudgment interest; rather, an award of prejudgment interest on veteran's back pay award was entirely appropriate. Fink v. City of New York, E.D.N.Y.2001, 129 F.Supp.2d 511. Interest⟲ 39(2.40)

Uniformed Services Employment and Reemployment Rights Act (USERRA), which allows for award of liquidated damages in amount equal to lost wages and benefits only if court finds the employer's actions willful, does not provide relief for either mental anguish or suffering. Barreto v. ITT World Directories, Inc., D.Puerto Rico 1999, 62 F.Supp.2d 387. Armed Services ⟲ 122(6); Damages ⟲ 57.20

5. Jurisdiction

Under amendment to Uniformed Services Employment and Reemployment Rights Act (USERRA) conferring only on state courts jurisdiction over suits against state employers, Court of Appeals lacked jurisdiction over appeal of dismissal of USERRA claim, notwithstanding that amendment did not purport to repeal the general federal-question jurisdictional statute; Congress's intention to limit USERRA suits against states to state courts was

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

38 U.S.C.A. § 4323

unmistakable. Velasquez v. Frapwell, C.A.7 (Ind.) 1999, 165 F.3d 593. Armed Services ⌾ 122(2)

Jurisdiction over Uniformed Services Employment and Reemployment Rights Act (USERRA) claims by individuals against state employers does not lie only in federal court. Keating v. University of South Dakota, D.S.D.2005, 386 F.Supp.2d 1096. Armed Services ⌾ 122(2)

6. Summary ordered

Genuine issues of material fact as to whether employer denied employee, a member of the national guard, a "benefit of employment" when it extended employee's attendance improvement plan (AIP) to account for time that employee was on military leave, as to whether alleged denial constituted adverse employment action, and as to whether employee suffered damages by reason of employer's extension of his AIP, precluded summary judgment on employee's discrimination claim under the Uniformed Services Employment and Reemployment Rights Act (USERRA). Schmauch v. Honda of America Manufacturing, Inc., S.D.Ohio 2003, 295 F.Supp.2d 823. Federal Civil Procedure ⌾ 2497.1

7. Right to jury trial

Reserve Marine Corps officer who sued former civilian employer, stemming from his termination after return from overseas deployment, was entitled to present Uniformed Services Employment and Reemployment Rights Act (USERRA) claim to jury; statute expressly provided for liquidated damages remedy, and remedy required finding of willfulness on part of defendant. Duarte v. Agilent Technologies, Inc., D.Colo.2005, 366 F.Supp.2d 1036. Jury ⌾ 14(1.4)

8. Preliminary injunction, practice and procedure

A showing of irreparable harm is required for preliminary injunctive relief under the Uniformed Services Employment and Reemployment Rights Act (USERRA); enforcement provision of USERRA regarding injunctions was phrased in permissive rather than mandatory terms, suggesting that courts should exercise discretion and not consider themselves bound to grant injunctions as exclusive remedy. Bedrossian v. Northwestern Memorial Hosp., C.A.7 (Ill.) 2005, 409 F.3d 840. Injunction ⌾ 138.69

9. Preliminary injunction, particular cases

Physician failed to establish that he would suffer irreparable harm if terminated by hospital, as required to support his claim for preliminary injunction barring hospital from firing him in his lawsuit alleging that he was terminated in violation of the Uniformed Services Employment and Reemployment Rights Act (USERRA) and the False Claims Act; lost income, damaged reputation, and inability to find another job was not irreparable harm. Bedrossian v. Northwestern Memorial Hosp., C.A.7 (Ill.) 2005, 409 F.3d 840. Injunction ⌾ 138.69

10. Reinstatement

Reinstatement of school teacher found to have been discriminated against because of his military service in violation of the Uniformed Services Employment and Reemployment Rights Act (USERRA)- was not an appropriate remedy under the circumstances; evidence at trial demonstrated that teacher and school district had at best a strained relationship, and school district believed teacher to be below average and ineffective. Carpenter v. Tyler Indep. School Dist., E.D.Tex.2006, 429 F.Supp.2d 848. Armed Services ⌾ 122(6)

38 U.S.C.A. § 4323, 38 USCA § 4323

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

38 U.S.C.A. § 4323

Current through P.L. 110-25 approved 05-08-07

Copr. © 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

END OF DOCUMENT

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.