Steven L. Herrick, Esq.
Tully, Rinckey & Associates, P.L.L.C.
3 Wembley Court
Albany, New York 12205
Telephone: (518) 218-7100
Facsimile: (518) 218-0496
E-Mail: sherrick@tullylegal.com
Appearance *Pro Hac Vice* for Plaintiff Frederick N. Burgener

Daniel M. Mayfield, Esq.
California State Bar No. 90646
Carpenter & Mayfield
730 N. 1st Street
San Jose, California 95112
Telephone: (408) 287-1916
Facsimile: (408) 287-9857
E-Mail: dan@carpenterandmayfield.com
Co-Counsel for Plaintiff Frederick N. Burgener

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

------------------------------------------------------------

FREDERICK N. BURGENER,

            Plaintiff,

    *-against-*

UNION PACIFIC CORPORATION,

            Defendant.

------------------------------------------------------------

**AMENDED COMPLAINT**

Demand for Jury Trial

Case No.: 5:07-cv-05160-HRL

Plaintiff, by his attorneys, for his complaint against the defendant, alleges as follows:

### INTRODUCTION

1.    This is an action for damages due to employment discrimination in violation of the Uniformed Services Employment and Reemployment Rights Act (USERRA), 38 U.S.C. § 4301, et seq.

Amended Complaint – 5:07-cv-05160-HRL

## JURISDICTION AND VENUE

2. **Jurisdiction.** Jurisdiction is conferred on this Court pursuant to 38 U.S.C. § 4323(b)(3).

3. **Venue.** Venue is proper in this District pursuant to 38 U.S.C. § 4323(c)(2) because defendant maintains a place of business in this District.

4. **Intradistrict Assignment.** Assignment to the San Jose Division is proper pursuant to Civil Local Rule 3-2 (c) and (e) of this Court because this action arises in the County of Santa Clara.

## THE PARTIES

5. Plaintiff is an individual residing in the County of Santa Clara, State of California.

6. Upon information and belief, defendant is a Utah corporation that maintains a place of business in the County of Santa Clara, State of California.

7. In the alternative, defendant is a California corporation that maintains a place of business in the County of Santa Clara, State of California.

## FIRST CAUSE OF ACTION

**[Discrimination against Persons who Serve in the
Uniformed Services - 38 U.S.C. § 4311(a)]**

8. Plaintiff repeats the allegations of paragraphs "1" through "7" of this complaint as if fully set forth herein.

9. Plaintiff has been a member of the United States Army Reserves since ("Army Reserves") since in or about July 1984.

10. In or about September 2003, plaintiff commenced employment with defendant in the position of trainman.

11. In or about July 2004, plaintiff was mobilized with the Army Reserves.

Amended Complaint – 5:07-cv-05160-HRL 2

12. Plaintiff returned to work with defendant on April 29, 2005. His position was still that of trainman.

13. While plaintiff was mobilized, several employees of defendant who were junior to plaintiff on the trainman's seniority roster were promoted into engine service.

14. On May 9, 2005, plaintiff requested promotion into engine service but was told he would have to wait for the next bid.

15. It was not until in or about August 2005 that plaintiff was permitted to apply for and was accepted into engine service. However, defendant then further delayed plaintiff's entry into engine service training.

16. Thereafter, plaintiff filed a complaint with the U.S. Department of Labor, Veterans' Employment and Training Service (DOL – VETS) regarding defendant's failure to provide plaintiff with his full employment rights under USERRA.

17. It was not until after plaintiff contacted DOL – VETS that plaintiff was permitted by defendant to start engine service training.

18. Plaintiff successfully completed engine service training and was given an engine service assignment.

19. Notwithstanding the foregoing, defendant failed to assign plaintiff the seniority position in engine service that he would have attained but for his absence due to military service.

20. Although plaintiff notified defendant of its failure to assign plaintiff the proper seniority in engine service and demanded that the situation be corrected, defendant failed and refused to do so.

21. As a result of the failure and refusal of defendant to properly adjust plaintiff's seniority, plaintiff has suffered a loss of pay, loss of preferred job assignments and other rights and benefits determined by seniority.

22. Therefore, plaintiff continued to pursue his complaint against defendant with DOL – VETS.

23. By letter dated July 5, 2007, DOL – VETS informed defendant that it was referring plaintiff's case to the U.S. Attorney General's Office for consideration of legal action.

24. By reason of the foregoing, defendant discriminated against plaintiff in violation of 38 U.S.C. § 4311(a) by denying plaintiff promotion, and/or benefits of employment on the basis of his membership, performance of service and/or obligation to perform service in the United States Army Reserves, a uniformed service.

25. Defendant's violation of 38 U.S.C. § 4311(a) is willful.

### SECOND CAUSE OF ACTION
### (Acts of Reprisal – 38 U.S.C. § 4311(b))

26. Plaintiff repeats the allegations of paragraphs "1" through "23" of this complaint as if fully set forth herein.

27. Plaintiff commenced this action against defendant by filing a complaint on October 9, 2007.

28. On or about November 8, 2007, defendant issued plaintiff a written warning for a rules violation regarding the alleged failure to do a proper brake check on a train. Plaintiff gave written acknowledgement of receipt of this warning.

29. Upon information and belief, the issuance and acknowledgement of a written warning normally constitutes the end of the disciplinary process for a particular alleged

Amended Complaint – 5:07-cv-05160-HRL 4

rules violation. However, in this case, defendant has proceeded further against plaintiff and issued a notice of investigation, which triggered the scheduling of a formal hearing.

30. The formal hearing was held on November 14, 2007 and plaintiff is now awaiting a determination in connection therewith.

31. One of the possible results of the formal hearing is that plaintiff's employment will be terminated.

32. Upon information and belief, defendant's usual policy and practice is that where one member of a train crew commits a rules violation, all members of that crew are subject to the same disciplinary procedures. However, in this case, plaintiff is the only member of his three-man train crew who has received a notice of investigation in connection with the alleged rules violation.

33. Therefore, plaintiff is the only member of his three-man train crew who is subject to termination of his employment for this rules violation.

34. Plaintiff is being treated disparately and is being subjected to additional disciplinary procedures and the possibility of termination because he has made a complaint to defendant, filed a complaint with DOL – VETS against defendant and filed a complaint in this Court against defendant, all seeking to enforce his rights under USERRA.

35. By reason of the foregoing, defendant has discriminated against plaintiff in violation of 38 U.S.C. § 4311(b) by taking an adverse employment action against plaintiff because plaintiff has taken actions to enforce a protection afforded him under USERRA and exercised a right provided for in USERRA.

36. Defendant's violation of 38 U.S.C. § 4311(b) is willful.

Amended Complaint – 5:07-cv-05160-HRL 5

## PLAINTIFF DEMANDS A JURY TRIAL AS TO
## ALL ISSUES PRESENTED BY THIS ACTION

**WHEREFORE**, plaintiff demands judgment as follows:

(1)    For such relief under the Uniformed Services Employment and Reemployment Rights Act as is determined to be appropriate after trial, including but not limited to loss of wages and benefits pursuant to 38 U.S.C. § 4323(d)(i)(B), liquidated damages pursuant to 38 U.S.C. § 4323(d)(i)(C) and reasonable attorney's fees, expert witness fees and other litigation expenses pursuant to 38 U.S.C. § 4323(h)(2); and

(2)    For such other and further relief as the Court deems appropriate, including the costs and disbursements of this action.

Dated:  Albany, New York
        December 10, 2007

TULLY, RINCKEY & ASSOCIATES, P.L.L.C.
Appearance *Pro Hac Vice* for Plaintiff
Frederick N. Burgener

By:    s/s Steven L. Herrick, Esq.

      3 Wembley Court
      Albany, New York 12205
      Telephone:  (518) 218-7100
      Facsimile:  (518) 218-0496
      E-Mail: sherrick@tullylegal.com

Daniel M. Mayfield, Esq.
California State Bar No. 90646
Carpenter & Mayfield
730 N. 1st Street
San Jose, California  95112
Telephone:  (408) 287-1916
Facsimile:  (408) 287-9857
E-Mail: dan@carpenterandmayfield.com
Co-Counsel for Plaintiff Frederick N. Burgener

Amended Complaint – 5:07-cv-05160-HRL 6

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

---

FREDERICK N. BURGENER,

               Plaintiff,            Civil Action No. 5:07-cv-05160-HRL

    -against-

UNION PACIFIC CORPORATION,

               Defendant.

---

## CERTIFICATE OF SERVICE

     I hereby certify that on January 23, 2008, I electronically filed with the Clerk of the District Court the Amended Complaint in the above referenced action using the CM/ECF system which sent notice of such filing to the following:

None

     I hereby further certify that I have mailed the aforementioned document to the following non-CM/ECF participants by first class mail:

J. Clare Williams
Registered Agent for Union Pacific Corp.
280 S 400 W
Salt Lake City, UT 84101

                                                           /s/ Steven L. Herrick