STEPHANIE L. QUINN, ESQ. - SBN 216655
THOMAS A. CREGGER, ESQ. - SBN 124402
RANDOLPH CREGGER & CHALFANT LLP
1030 G Street
Sacramento, CA 95814
Telephone: (916) 443-4443
Facsimile: (916) 443-2124

Attorneys for Defendant
UNION PACIFIC RAILROAD COMPANY
(sued herein as UNION PACIFIC CORPORATION)

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| FREDERICK N. BURGENER, <br><br> Plaintiff, <br><br> vs. <br><br> UNION PACIFIC CORPORATION, <br><br> Defendants. <br> _____/ | No. C 07 05160 HRL <br><br> **ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT; DEMAND FOR JURY TRIAL** |

Defendant UNION PACIFIC RAILROAD COMPANY (sued herein as UNION PACIFIC CORPORATION and hereinafter referred to as "Defendant") hereby answers the Second Amended Complaint of Plaintiff FREDERICK N. BURGENER (hereinafter "Plaintiff") and state as follows:

**JURISDICTION AND VENUE**

1.  Defendant admits Plaintiff purports to seek damages due to employment discrimination in violation of the Uniformed Services Employment and Reemployment Rights Act (USERRA), 38 U.S.C. § 4301, et seq.

2.  Defendant admits that this Court has subject matter jurisdiction over Plaintiff's

claim.

3. Defendant admits that the Northern District of California is a proper venue for Plaintiff to commence this action.

4. Defendant admits that this action arises in the County of Santa Clara.

**PARTIES**

5. Defendant admits that Plaintiff purports to reside in the County of Santa Clara, State of California.

6. Defendant denies that it is a Utah corporation as alleged by Plaintiff.

7. Defendant admits that it does business in the County of Santa Clara, State of California.

**FIRST CAUSE OF ACTION**

**[Discrimination against Persons who serve in the Uniformed Service- 38 U.S.C § 4311(a)]**

8. Defendant is without knowledge or information sufficient to form a belief as to the truth of the material allegations in Paragraph 8 of Plaintiff's Second Amended Complaint and, on that basis, denies those allegations.

9. Defendant admits that Plaintiff purports that he has been a member of the United States Military since 1984.

10. Defendant admits the allegations contained in Paragraph 10 of Plaintiff's Second Amended Complaint.

11. Defendant admits that Plaintiff purports that he was mobilized with the Army Reserves in or about July 2004.

12. Defendant admits that Plaintiff returned to work in 2005 and that he was reinstated in the position of trainman. Defendant is without information as to the remaining allegation to form a conclusion as to their accuracy and, on that basis denies the same.

13. Defendant admits that while Plaintiff was mobilized, employees junior to Plaintiff

on the trainman's seniority roster were promoted to engine service.

14. Defendant admits that Plaintiff requested promotion to engine service. Defendant is without information as to the remaining allegations to form a conclusion as to their accuracy and, on that basis denies the same.

15. Defendant denies the material allegations in Paragraph 15 of Plaintiff's Second Amended Complaint.

16. Defendant admits that Plaintiff filed a complaint with the Department of Labor Veterans' Employment and Training Service. Defendant is without information as to the remaining allegation to form a conclusion as to their accuracy and, on that basis denies the same.

17. Defendant is without knowledge or information sufficient to form a belief as to the truth of the material allegations in Paragraph 17 of Plaintiff's Second Amended Complaint and, on that basis, denies those allegations.

18. Defendant admits the allegations contained in Paragraph 18 of Plaintiff's Second Amended Complaint.

19. Defendant denies the material allegations in Paragraph 19 of Plaintiff's Second Amended Complaint.

20. Defendant denies the material allegations in Paragraph 20 of Plaintiff's Second Amended Complaint.

21. Defendant denies the material allegations in Paragraph 21 of Plaintiff's Second Amended Complaint.

22. Defendant admits that Plaintiff pursued a complaint against Defendant.

23. Defendant is without knowledge or information sufficient to form a belief as to the truth of the material allegations in Paragraph 23 of Plaintiff's Second Amended Complaint and, on that basis, denies those allegations.

24. Defendant denies the material allegations in Paragraph 24 of Plaintiff's Second Amended Complaint.

25. Defendant denies the material allegations in Paragraph 25 of Plaintiff's Second Amended Complaint.

## SECOND CAUSE OF ACTION

## [Acts of Reprisal- 38 U.S.C. § 4311(b)]

26. Defendant admits or denies the allegations as previously stated and set forth in paragraphs 1 through 25.

27. Defendant admits the allegations contained in Paragraph 27 of Plaintiff's Second Amended Complaint.

28. Defendant is without knowledge or information sufficient to form a belief as to the truth of the material allegations in Paragraph 28 of Plaintiff's Second Amended Complaint and, on that basis, denies those allegations.

29. Defendant denies the material allegations in Paragraph 29 of Plaintiff's Second Amended Complaint.

30. Defendant admits the allegations contained in Paragraph 30 of Plaintiff's Second Amended Complaint.

31. Defendant admits the allegations contained in Paragraph 31 of Plaintiff's Second Amended Complaint.

32. Defendant denies the material allegations in Paragraph 32 of Plaintiff's Second Amended Complaint.

33. Defendant admits that Plaintiff was the only member of his three-man crew to be terminated for the rules violation.

34. Defendant denies the material allegations in Paragraph 34 of Plaintiff's Second Amended Complaint.

35. Defendant denies the material allegations in Paragraph 35 of Plaintiff's Second Amended Complaint.

36. Defendant denies the material allegations in Paragraph 36 of Plaintiff's Second

Amended Complaint.

WHEREFORE, DEFENDANT PRAYS FOR JUDGMENT AS FOLLOWS:

1. That the Complaint on file herein and each cause of action therein contained be hence dismissed;

2. That Defendant be awarded costs of suit incurred herein, including attorney's fees; and

3. For such other and further relief as the Court deems fit and proper under the circumstances.

## **DEMAND FOR JURY TRIAL**

Defendant UNION PACIFIC RAILROAD COMPANY demands trial by jury in the above-entitled matter.

Dated: February 11, 2008        RANDOLPH CREGGER & CHALFANT LLP


By  /s/ Thomas A. Cregger
THOMAS A. CREGGER
Attorneys for Defendant UNION PACIFIC RAILROAD COMPANY

| | |
|---|---|
| 1 | **PROOF OF SERVICE** |
| 2 | **CASE:** *Burgener v. Union Pacific Railroad Company*, Case No. 5:07-cv-05160-HRL |
| 3 | **COURT:** USDC, Northern District of California, San Jose Division |

The undersigned declares:

I am a citizen of the United States and a resident of the County of Sacramento. I am over the age of 18 years and not a party to the within above-entitled action; my business address is 1030 G Street, Sacramento, CA 95814.

I am readily familiar with this law firm's practice for collection and processing of correspondence for mailing with the United States Postal Service; said correspondence will be deposited with the United States Postal Service the same day in the ordinary course of business.

On the date indicated below I served the within **ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT; DEMAND FOR JURY TRIAL** on all parties in said action as addressed below by causing a true copy thereof to be:

xx    **placed in a sealed envelope** with postage thereon fully
         prepaid in the designated area for outgoing mail:

___    **delivered by hand**:

___    **telecopied by facsimile**:

___    **express mailed**:

*Attorneys for Plaintiff*
Steven L. Herrick, Esq.
Tully, Rinckey & Associates, PLLC
3 Wembley Court
Albany, NY 12205
Phone: (518) 218-7100
Fax: (518) 218-0496

Daniel M. Mayfield, Esq.
Carpenter & Mayfield
730 N 1st Street
San Jose, CA 95112
Phone: (408) 287-1916
Fax: (408) 287-9857

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed this February 11, 2008, Sacramento, California.

                                   /s/   Deanna   Czarnecki
_____