**\*ORDER E-FILED 2/15/2008\***

1  STEPHANIE L. QUINN, ESQ. - SBN 216655
   THOMAS A. CREGGER, ESQ. - SBN 124402
2  RANDOLPH CREGGER & CHALFANT LLP
   1030 G Street
3  Sacramento, CA 95814
   Telephone: (916) 443-4443
4  Facsimile: (916) 443-2124

5  Attorneys for Defendant
   UNION PACIFIC RAILROAD COMPANY
6  (sued herein as UNION PACIFIC CORPORATION)

7

8
                    UNITED STATES DISTRICT COURT
9
                    NORTHERN DISTRICT OF CALIFORNIA
10
                          SAN JOSE DIVISION
11

12
   FREDERICK N. BURGENER                    No. C 07 05160 HRL
13
             Plaintiff,                     **STIPULATION TO FILE
14                                          AMENDED ANSWER TO
       vs.                                  PLAINTIFF'S SECOND
15                                          AMENDED COMPLAINT AND
   UNION PACIFIC CORPORATION,               ORDER THEREON**
16
             Defendants.
17
   _____/
18

19      IT IS HEREBY STIPULATED, by and between the parties hereto, through their attorneys

20  of record, that defendant UNION PACIFIC RAILROAD COMPANY (sued herein as UNION

21  PACIFIC CORPORATION) may amend its answer to plaintiff's second amended complaint to

22  include affirmative defenses which were inadvertently omitted from its original answer.  A

23  //

24  //

25  //

26  //

                                    - 1-
STIPULATION TO FILE AMENDED ANSWER AND ORDER THEREON

1  copy of the amended answer is attached hereto as Exhibit A.

2  Dated: February 14, 2008            RANDOLPH CREGGER & CHALFANT LLP

4                                      By  /s/ STEPHANIE L. QUINN
                                           STEPHANIE L. QUINN
5                                          Attorneys for Defendant UNION PACIFIC
                                           RAILROAD COMPANY

7  DATED: February 14, 2008            TULLY, RINCKEY & ASSOCIATES, P.L.L.C.

9                                      By    /s/ STEVEN L. HERRICK
                                              STEVEN L. HERRICK
                                           Attorneys for Plaintiff

13                                     ORDER

14      IT IS HEREBY ORDERED that Defendant UNION PACIFIC RAILROAD COMPANY

15  (sued herein as UNION PACIFIC CORPORATION) may file an amended answer to plaintiff's

16  second amended complaint.

17  DATED:  February 15, 2008

                                       _____
                                                     MAGISTRATE
                                       UNITED STATES DISTRICT JUDGE
                                       HOWARD R. LLOYD

STIPULATION TO FILE AMENDED ANSWER AND ORDER THEREON

**EXHIBIT A**

STEPHANIE L. QUINN, ESQ. - SBN 216655
THOMAS A. CREGGER, ESQ. - SBN 124402
RANDOLPH CREGGER & CHALFANT LLP
1030 G Street
Sacramento, CA 95814
Telephone: (916) 443-4443
Facsimile: (916) 443-2124

Attorneys for Defendant
UNION PACIFIC RAILROAD COMPANY
(sued herein as UNION PACIFIC CORPORATION)

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| FREDERICK N. BURGENER,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>UNION PACIFIC CORPORATION,<br><br>　　　　　Defendants.<br>_____/ | No. C 07 05160 HRL<br><br>**AMENDED ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT; DEMAND FOR JURY TRIAL** |

Defendant UNION PACIFIC RAILROAD COMPANY (sued herein as UNION PACIFIC CORPORATION and hereinafter referred to as "Defendant") hereby answers the Second Amended Complaint of Plaintiff FREDERICK N. BURGENER (hereinafter "Plaintiff") and state as follows:

**JURISDICTION AND VENUE**

1. Defendant admits Plaintiff purports to seek damages due to employment discrimination in violation of the Uniformed Services Employment and Reemployment Rights Act (USERRA), 38 U.S.C. § 4301, et seq.

2. Defendant admits that this Court has subject matter jurisdiction over Plaintiff's

claim.

3. Defendant admits that the Northern District of California is a proper venue for Plaintiff to commence this action.

4. Defendant admits that this action arises in the County of Santa Clara.

## PARTIES

5. Defendant admits that Plaintiff purports to reside in the County of Santa Clara, State of California.

6. Defendant denies that it is a Utah corporation as alleged by Plaintiff.

7. Defendant admits that it does business in the County of Santa Clara, State of California.

## FIRST CAUSE OF ACTION

**[Discrimination against Persons who serve in the Uniformed Service- 38 U.S.C § 4311(a)]**

8. Defendant is without knowledge or information sufficient to form a belief as to the truth of the material allegations in Paragraph 8 of Plaintiff's Second Amended Complaint and, on that basis, denies those allegations.

9. Defendant admits that Plaintiff purports that he has been a member of the United States Military since 1984.

10. Defendant admits the allegations contained in Paragraph 10 of Plaintiff's Second Amended Complaint.

11. Defendant admits that Plaintiff purports that he was mobilized with the Army Reserves in or about July 2004.

12. Defendant admits that Plaintiff returned to work in 2005 and that he was reinstated in the position of trainman. Defendant is without information as to the remaining allegation to form a conclusion as to their accuracy and, on that basis denies the same.

13. Defendant admits that while Plaintiff was mobilized, employees junior to Plaintiff

-2-
AMENDED ANSWER TO SECOND AMENDED COMPLAINT; DEMAND FOR JURY TRIAL

on the trainman's seniority roster were promoted to engine service.

14. Defendant admits that Plaintiff requested promotion to engine service. Defendant is without information as to the remaining allegations to form a conclusion as to their accuracy and, on that basis denies the same.

15. Defendant denies the material allegations in Paragraph 15 of Plaintiff's Second Amended Complaint.

16. Defendant admits that Plaintiff filed a complaint with the Department of Labor Veterans' Employment and Training Service. Defendant is without information as to the remaining allegation to form a conclusion as to their accuracy and, on that basis denies the same.

17. Defendant is without knowledge or information sufficient to form a belief as to the truth of the material allegations in Paragraph 17 of Plaintiff's Second Amended Complaint and, on that basis, denies those allegations.

18. Defendant admits the allegations contained in Paragraph 18 of Plaintiff's Second Amended Complaint.

19. Defendant denies the material allegations in Paragraph 19 of Plaintiff's Second Amended Complaint.

20. Defendant denies the material allegations in Paragraph 20 of Plaintiff's Second Amended Complaint.

21. Defendant denies the material allegations in Paragraph 21 of Plaintiff's Second Amended Complaint.

22. Defendant admits that Plaintiff pursued a complaint against Defendant.

23. Defendant is without knowledge or information sufficient to form a belief as to the truth of the material allegations in Paragraph 23 of Plaintiff's Second Amended Complaint and, on that basis, denies those allegations.

24. Defendant denies the material allegations in Paragraph 24 of Plaintiff's Second Amended Complaint.

AMENDED ANSWER TO SECOND AMENDED COMPLAINT; DEMAND FOR JURY TRIAL

25. Defendant denies the material allegations in Paragraph 25 of Plaintiff's Second Amended Complaint.

## SECOND CAUSE OF ACTION

### [Acts of Reprisal- 38 U.S.C. § 4311(b)]

26. Defendant admits or denies the allegations as previously stated and set forth in paragraphs 1 through 25.

27. Defendant admits the allegations contained in Paragraph 27 of Plaintiff's Second Amended Complaint.

28. Defendant is without knowledge or information sufficient to form a belief as to the truth of the material allegations in Paragraph 28 of Plaintiff's Second Amended Complaint and, on that basis, denies those allegations.

29. Defendant denies the material allegations in Paragraph 29 of Plaintiff's Second Amended Complaint.

30. Defendant admits the allegations contained in Paragraph 30 of Plaintiff's Second Amended Complaint.

31. Defendant admits the allegations contained in Paragraph 31 of Plaintiff's Second Amended Complaint.

32. Defendant denies the material allegations in Paragraph 32 of Plaintiff's Second Amended Complaint.

33. Defendant admits that Plaintiff was the only member of his three-man crew to be terminated for the rules violation.

34. Defendant denies the material allegations in Paragraph 34 of Plaintiff's Second Amended Complaint.

35. Defendant denies the material allegations in Paragraph 35 of Plaintiff's Second Amended Complaint.

36. Defendant denies the material allegations in Paragraph 36 of Plaintiff's Second

AMENDED ANSWER TO SECOND AMENDED COMPLAINT; DEMAND FOR JURY TRIAL

Amended Complaint.

AS AND FOR SEPARATE AND DISTINCT AFFIRMATIVE DEFENSES, DEFENDANT ALLEGES AS FOLLOWS:

1. Defendant alleges that the Complaint fails to state facts sufficient to constitute a cause of action, or any cause of action, against this answering defendant.

2. Defendant alleges that the Complaint fails to state facts sufficient to set forth a claim for liquidated damages.

3. Without admitting any allegation of the Complaint, defendant alleges that, some of the acts, actions and activities, as alleged, were committed, if at all, by independent, non-affiliated persons who were not acting on behalf of, or within the course and scope of any relationship with this answering defendant during the time referred to in the Complaint. Therefore, damages purportedly sustained by the plaintiff or awarded to the plaintiff, if any, should be apportioned and reduced, in whole or in part, according to the respective and comparative fault of all parties, persons and entities, or their agents, servants and employees and representatives who contributed to or caused the incident alleged in the Complaint.

4. Defendant alleges that the plaintiff was careless and negligent in and about the matter set forth in said Complaint, and that said carelessness and negligence contributed to and proximately caused any and all damages alleged in said Complaint.

5. Defendant alleges that this answering defendant is informed and believes, and on that ground alleges, that the plaintiff and plaintiff's representatives had knowledge of the acts and events giving rise to plaintiff's Complaint and consented to such acts and events.

6. Defendant alleges that plaintiff has failed to exhaust all available administrative remedies, and that the claims against this answering defendant must be adjudicated in an arbitration proceeding pursuant to an agreement amongst the parties.

7. Without admitting any allegation of the Complaint, defendant alleges that the conduct alleged on the part of this answering defendant is privileged pursuant to California law,

including but not limited to, California Civil Code Section 47.

8. Without admitting any allegation of the Complaint, defendant alleges that this answering defendant was acting in good faith pursuant to its official duties and is immune from liability for the conduct alleged in plaintiff's Complaint.

9. Defendant alleges that the claims asserted by the plaintiff are barred by the applicable state and federal statute of limitations and the equitable doctrine of waiver, estoppel and equitable tolling.

10. Without admitting any allegation of the Complaint, defendant alleges that the conduct of other parties, persons and entitles, including plaintiff, would be primary, direct and active, while this answering defendant's would be secondary, indirect and passive.

11. Without admitting any allegation of the Complaint, defendant alleges that any injury, damages or loss, if any, sustained by plaintiff, was aggravated by plaintiff's failure to use reasonable diligence to mitigate and minimize the same.

12. Defendant alleges that the plaintiff's damages, if any exist, are subject to a complete or partial set-off.

13. Plaintiff's claim is subject to the Collective Bargaining Agreement between the defendant and plaintiff's Labor Union and is preempted by the Railway Labor Act.

14. Defendant alleges that the allegations in the complaint are "minor" disputes and must be adjudicated in arbitration proceedings.

15. Defendant's employment decision regarding plaintiff's employment was based on good faith, legitimate lawful purposes.

16. Defendant alleges that it would have taken the same employment action regardless any protected status of the plaintiff.

17. This answering defendant would have made the same decision regarding plaintiff's employment based on information acquired by the defendant after plaintiff's termination.

WHEREFORE, DEFENDANT PRAYS FOR JUDGMENT AS FOLLOWS:

1. That the Complaint on file herein and each cause of action therein contained be hence dismissed;

2. That Defendant be awarded costs of suit incurred herein, including attorney's fees; and

3. For such other and further relief as the Court deems fit and proper under the circumstances.

## DEMAND FOR JURY TRIAL

Defendant UNION PACIFIC RAILROAD COMPANY demands trial by jury in the above-entitled matter.

Dated: February 14, 2008        RANDOLPH CREGGER & CHALFANT LLP


By /s/ STEPHANIE L. QUINN
   STEPHANIE L. QUINN
   Attorneys for Defendant UNION PACIFIC RAILROAD COMPANY

-7-
AMENDED ANSWER TO SECOND AMENDED COMPLAINT; DEMAND FOR JURY TRIAL