TULLY RINCKEY, P.L.L.C.
STEVEN L. HERRICK
1800 K Street N.W. Suite 1110
Washington, D.C. 20006
Phone: (202) 787-1900
Fax: (202) 640-2059

Attorneys for Plaintiff
FREDERICK N. BURGENER

RANDOLPH CREGGER & CHALFANT LLP
THOMAS A. CREGGER (SBN: 124402)
STEPHANIE L. QUINN (SBN: 216655)
1030 G Street
Sacramento, CA 95814
Phone: (916) 443-4443
Fax:    (916) 443-2124

Attorneys for Defendant
UNION PACIFIC RAILROAD COMPANY

IN AND FOR THE UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FREDERICK N. BURGENER,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>UNION PACIFIC CORPORATION,<br><br>　　　　Defendant | Case No.: C 07-05160 JF HRL<br><br>JOINT CASE MANAGEMENT STATEMENT<br><br>DATE: April 25, 2008<br>TIME: 10:30 a.m. |

Plaintiff FREDERICK N. BURGENER and Defendant UNION PACIFIC RAILROAD COMPANY submit the following Joint Case Management Statement:

1. <u>Jurisdiction and Service</u>:

Jurisdiction is based on the existence of a federal question. 28 U.S.C. § 1331. There are no issues regarding jurisdiction and venue. All parties have been served.

JOINT CASE MGMT STATEMENT - 1

2. <u>Facts:</u>

Plaintiff, an Army reservist, was employed by Defendant as a trainman at the time he was mobilized with the Army Reserves in July 2004. Plaintiff returned to work with Defendant in April 2005. He alleges that while he was mobilized with the Army Reserves, employees who were junior to him were promoted to engine service. When he returned from active duty, he requested to be promoted to engine service. He claims that Defendant delayed his entry into engine service training and failed to provide him all rights he is entitled to under the Uniformed Services Employment and Reemployment Rights Act ("USERRA"), 38 U.S.C. §4301, et seq. Defendant contends that it has complied with all requirements of USERRA, has promoted Plaintiff to engine service, and has backdated Plaintiff's seniority. It contends that any delay in backdating Plaintiff's seniority was due to the conduct of non-affiliated persons or entities, namely, the Brotherhood of Locomotive Engineers.

Plaintiff also alleges that he was retaliated against for exercising his rights under USERRA. His employment was terminated for rule violations in or about November 2007. Defendant contends that he was terminated for legitimate, non-retaliatory reasons.

3. <u>Legal Issues:</u>

USERRA prohibits discrimination in employment on the basis of military service. 38 U.S.C. §4301, et seq. Section 4311(b) prohibits acts of reprisals against employees who take action to enforce their rights under the statute.

Plaintiff contends that Defendant violated USERRA, by denying him a promotion, back pay and other benefits. He also claims that Defendant retaliated against him for exercising his rights under the statute.

Defendant contends that it has complied with USERRA by promoting Plaintiff and back dating his seniority and that Plaintiff will be unable to show any willful violation of the statute. Defendant also contends that Plaintiff cannot demonstrate that his military service was a

JOINT CASE MGMT STATEMENT - 2

substantial or motivating factor in the adverse employment action. Defendant had a valid, non-retaliatory reason to terminate Plaintiff's employment.

4. <u>Motions</u>:

Defendant anticipates filing a motion for summary judgment.

5. <u>Amendment of Pleadings</u>: None contemplated at this time. However, Plaintiff wishes to reserve the right to amend his pending complaint subsequent to discovery regarding Defendant's claim that the Brotherhood of Locomotive Engineers was responsible in whole or in part for Plaintiff's claimed damages.

6. <u>Evidence Preservation</u>: Defendant maintains a document preservation program.

7. <u>Disclosures</u>: The parties propose that initial disclosures pursuant to FRCP 26 be completed by May 22, 2008.

8. <u>Discovery</u>:
   a. No discovery has been conducted to date.
   b. The parties anticipate conducting discovery on Plaintiff's allegations that Defendant violated USERRA by failing to promote him and denying him back pay and benefits. Discovery will also be conducted regarding Plaintiff's allegations that Defendant retaliated against Plaintiff for exercising his USERRA rights. The parties anticipate conducting discovery related to Defendant's defense that Defendant had a legitimate, non-retaliatory reason to terminate Plaintiff's employment and Plaintiff's damages and whether he mitigated his damages.
   c. Plaintiff anticipates conducting the following discovery
      i. Interrogatories;
      ii. Requests for production of documents;
      iii. Depositions of defendant.

    d. Defendant anticipates conducting the following discovery:

        i. Deposition of Plaintiff and depositions of members of Plaintiff's union, the Brotherhood of Locomotive Engineers.

        ii. Interrogatories;

        iii. Request for production of documents and requests for admissions;

    e. No changes to the limitations on discovery imposed by the civil rules are necessary.

9. <u>Class Actions</u>: Not applicable.

10. <u>Related Cases</u>: There are no related cases known to the parties.

11. <u>Relief</u>: Plaintiff seeks reinstatement, lost wages and benefits, liquidated damages, attorney fees, expert witness fees and costs.

12.. <u>Settlement and ADR</u>: The parties have agreed to mediation.

13. <u>Consent to Magistrate Judge For All Purposes</u>: Plaintiff consents to the use of a Magistrate Judge; Defendant does not consent to the use of a Magistrate Judge for all purposes.

14. <u>Other References</u>: Not at this time.

15. <u>Narrowing of Issues</u>: Defendant anticipates filing a motion for summary judgment, or partial summary judgment, which may narrow the issues.

16. <u>Expedited Schedule</u>: This case should not be handled on an expedited schedule.

17. <u>Scheduling</u>: The parties propose the following dates: Designation of Experts, November 10, 2008; discovery cutoff, January 12, 2009; last day to hear dispositive motions, March 13, 2009; pretrial conference, March 27, 2009; and trial, May 11, 2009.

18. <u>Trial</u>: It is anticipated that the trial will last approximately five (5) days.

//
//
//
//

19.     <u>Disclosure of Non-party Interested Entities or Persons</u>: Defendant has filed the Certification of Interested Entities or Persons, identifying Union Pacific Corporation as an interested entity.

DATED: April 17, 2008          RANDOLPH CREGGER & CHALFANT LLP


By_____/S/  STEPHANIE L. QUINN
          STEPHANIE L. QUINN
    Attorneys for Defendant UNION PACIFIC RAILROAD


DATED: April 17, 2008          TULLY RINCKEY, P.L.L.C.


By__/s/ STEVEN L. HERRICK
       STEVEN L. HERRICK
    Attorneys for Plaintiff FREDERICK N. BURGENER

# PROOF OF SERVICE

**CASE:** *Burgener v. Union Pacific Railroad Company*, Case No. 5:07-cv-05160-HRL
**COURT:** USDC, Northern District of California, San Jose Division

The undersigned declares:

I am a citizen of the United States and a resident of the County of Sacramento. I am over the age of 18 years and not a party to the within above-entitled action; my business address is 1030 G Street, Sacramento, CA 95814.

I am readily familiar with this law firm's practice for collection and processing of correspondence for mailing with the United States Postal Service; said correspondence will be deposited with the United States Postal Service the same day in the ordinary course of business.

On the date indicated below I served the within **JOINT CASE MANAGEMENT STATEMENT** on all parties in said action as addressed below by causing a true copy thereof to be:

xx  **placed in a sealed envelope** with postage thereon fully prepaid in the designated area for outgoing mail:

___  **delivered by hand**:

___  **telecopied by facsimile**:

___  **express mailed**:

<u>Co-Counsel for Plaintiff</u>
Daniel M. Mayfield, Esq.
Carpenter & Mayfield
730 N 1st Street
San Jose, CA 95112
Phone: (408) 287-1916
Fax: (408) 287-9857

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed this April 17, 2008, Sacramento, California.

/s/ SUSAN R. DARMS
SUSAN R. DARMS

-1-
ANSWER TO SECOND AMENDED COMPLAINT; DEMAND FOR JURY TRIAL